IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVON ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 21-0013-WS-MU |
| | ) |
| LT. MCKINSEY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the motion for summary judgment filed by the correctional officer defendants. (Doc. 33). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 34, 35, 39),[1] and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be denied in its entirety.

**BACKGROUND**

According to the complaint, (Doc. 1), which is brought pursuant to 42 U.S.C. § 1983, the plaintiff was an inmate at the Holman Correctional Facility. On February 3, 2020, defendant Manuel escorted the plaintiff inside the shift office, where defendants McKinsey,[2] Smith and Brown joined them. Once the door to the office was shut, Smith and/or Brown blocked the office window with their body. McKinsey, Smith and especially Manuel repeatedly punched and kicked the plaintiff, who was completely compliant and who posed no threat of injury or escape. McKinsey, Smith and Brown stood by and did nothing while Manuel inflicted the majority of the blows. The

---

[1] The defendants declined the opportunity to file a reply. (Docs. 36, 38).

[2] It appears that this defendant may spell his name as "McKenzie." (Doc. 28 at 1). The Court utilizes the spelling used in the complaint, as that is the governing pleading.

encounter left the plaintiff with three broken ribs and two collapsed lungs, for which he was hospitalized on February 5, 2020.  The complaint asserts the following Eighth Amendment claims against the listed correctional officers:  (1) use of excessive force (Manuel, McKinsey, and Smith); (2) failure to intervene (McKinsey, Brown, Smith); and (3) deliberate indifference to the plaintiff's serious medical needs (Manuel, McKinsey, Smith).

The defendants raise no argument regarding the deliberate indifference claims.  To the uncertain extent they seek summary judgment as to these claims, their motion must therefore be denied.

As to the excessive force and failure to intervene claims, the defendants claim qualified immunity. (Doc. 34 at 3-4).  They say they are immune because the plaintiff has no evidence of a constitutional violation.  (*Id*. at 4).  They say the plaintiff has no evidence of a constitutional violation because he has no evidence that he was attacked by Manuel or McKinsey and no evidence that Brown or Smith witnessed any such attack.  (*Id*. at 5, 10).  They acknowledge that the plaintiff testified in deposition that Manuel and McKinsey repeatedly punched him in the face and repeatedly kicked him in his sides, (*id*. at 5),[3] but they say his testimony is legally inconsequential because Manuel and McKinsey deny using force on the plaintiff.  (*Id*.).  They acknowledge that the plaintiff testified in deposition that Brown and Smith stood outside the office, in front of the office window, so no one could see the beating, (*id*.),[4] but they say his testimony is legally inconsequential because Brown and Smith deny witnessing the plaintiff being beaten.  (*Id*. at 5, 10).

The defendants misunderstand the summary judgment procedure.  In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).  "Therefore, the [non-movant's]

---

[3] (Doc. 35-6 at 12-15).

[4] (Doc. 35-6 at 9-10, 36).

version of the facts (to the extent supported by the record) controls, though that version can be supplemented by additional material cited by the [movants] and not in tension with the [non-movant's] version." *Rachel v. City of Mobile*, 112 F. Supp. 3d 1263, 1274 (S.D. Ala. 2015), *aff'd*, 633 Fed. Appx. 784 (11th Cir. 2016). Because at this stage the plaintiff's evidence controls, the defendants' contradiction of that evidence is legally irrelevant.[5]

The defendants present no other argument. They do not, for example, argue that, even if the plaintiff's version of events is accepted by the jury, it does not amount to a constitutional violation. Nor do they argue that, even if the plaintiff's version of events reflects a constitutional violation, they are entitled to qualified immunity because they did not violate any clearly established constitutional right of which a reasonable officer would have known. "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment,"[6] and the Court, as is its regular practice, accordingly limits its review to the single narrow argument the defendants have expressly advanced.[7]

---

[5] Without attempting to tie it in to their argument, the defendants note that, shortly after the incident, the plaintiff denied being assaulted, and his only noted injuries at that time were abrasions. (Doc. 34 at 1). The defendants are free to bring these points to the jury's attention, but on motion for summary judgment they do not negate the plaintiff's evidence that he was beaten and that he suffered serious injury as a result. Similarly, the defendants stress that prison records indicate the plaintiff remained in his dorm between the incident and his transfer to the hospital and not, as he testified, in a holding cell. (*Id*. at 2, 6). Other than undermining the general credibility of the plaintiff, the significance of this point remains obscure, but in any event it presents at best a disputed question of fact for the jury to resolve.

[6] *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995); *accord Gennusa v. Canova*, 748 F.3d 1103, 1116 (11th Cir. 2014).

[7] The Court does not suggest the defendants have viable arguments along these lines. Kicking and beating a compliant, non-threatening inmate for five or more minutes, until his lungs collapse, (Doc. 35-6 at 12-15), cannot easily be viewed as a reasonable application of force in pursuit of a legitimate penological objective. *See, e.g., Skrtich v. Thornton*, 280 F.3d 1295, 1302 (11th Cir. 2002) (prison guards who beat an incapacitated inmate, resulting in broken ribs, abdominal injuries, and hospitalization, violated clearly established law and could not obtain qualified immunity). Superior officers standing just outside the shift office for all those minutes, physically shielding its window while the sounds of the plaintiff yelling "I can't breathe" waft

For the reasons set forth above, the defendants' motion for summary judgment is **denied**.

DONE and ORDERED this 16th day of December, 2022.

                                               s/ WILLIAM H. STEELE
                                               UNITED STATES DISTRICT JUDGE

---

into the hallway from the large gap between door and floor, (*id*. at 9-10, 36), cannot easily be spun as subjective ignorance of an objectively insubstantial risk of harm. *See, e.g., Skrtich*, 280 F.3d at 1302 (an officer watching the beating from outside the cell violated clearly established law and could not obtain qualified immunity).